**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **SLYCE ACQUISITION INC. AND** | § | |
| **SLYCE CANADA INC.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | **CIVIL ACTION NO.: 6:20-cv-00834** |
| **v.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **SYTE – VISUAL CONCEPTION LTD.,** | § | |
| | § | |
| **Defendant.** | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs, SLYCE ACQUISITION INC. ("Slyce") and SLYCE CANADA INC. ("Slyce Canada"), by and through undersigned counsel, sues Defendant, SYTE - VISUAL CONCEPTION LTD. ("Syte" or "Defendant"), and alleges as follows:

## PARTIES

1.      Plaintiff Slyce is a Delaware corporation with its principal place of business at 109 S 13th Street, Suite 3S, Philadelphia, Pennsylvania 19107.

2.      Plaintiff Slyce Canada is a corporation formed under the laws of Canada with its registered office at 1959 Upper Water Street, Suite 900 Halifax, NS, Canada B3J 3N2.

3.      Slyce Canada Inc. is a wholly owned subsidiary of Slyce Acquisition Inc.

4.      Plaintiffs are visual search companies that have spent years crafting image recognition technology that solves real-world problems for the some of the world's largest retail businesses.  Plaintiffs offer state-of-the-art image recognition technology that makes it possible to efficiently and accurately find nearly any object on the Internet with a smartphone snap.

1

5.      Upon information and belief, Defendant Syte is a corporation formed under the laws of Israel with a principle place of business at 105 Allenby Street, Tel Aviv 6513445, Israel.

6.      Syte is a provider of visual search navigation technology that is incorporated by third party retailers into online and mobile retail platforms, such as websites and mobile applications ("apps").

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action involves claims arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq*.

8.      This Court has personal jurisdiction over Defendant pursuant to due process and/or the Texas Long Arm Statute because, inter alia, (i) Defendant has done and continues to do business in Texas and (ii) Defendant has committed and continues to commit acts of patent infringement in the State of Texas, including making, using, offering to sell, and/or selling accused products in Texas, and/or importing accused products into Texas, including via the Internet, inducing others to commit acts of patent infringement in Texas, and/or committing at least a portion of any other infringements alleged herein.

9.      In addition, or in the alternative, this Court has personal jurisdiction over Defendant under Federal Rule of Civil Procedure 4(k)(2).

10.     Because Syte is a foreign corporation not resident in the United States, venue is proper for Syte in this judicial district under 28 U.S.C. § 1391(c)(3).

## PATENTS-IN-SUIT

11.     On December 17, 2019, the United States Patent and Trademark Office duly and legally issued United States Patent No. 10,510,152 ("the '152 Patent"), titled "Systems, Methods,

and Devices for Image Matching and Object Recognition in Images Using Textures."  Slyce Acquisition Inc. is the owner of the '152 Patent (a copy of which is attached as Exhibit A).

12.     Slyce holds all right, title, and interest in and to the '152 Patent, including the right to sue and recover damages for infringement thereof.

13.     The '152 Patent is valid and enforceable.

14.     On August 13, 2019, the United States Patent and Trademark Office duly and legally issued United States Patent No. 10,380,576 ("the '576 Patent"), titled "System and Method for Management and Automation of Instant Purchase Transactions."  Slyce Canada Inc. is the owner of the '576 Patent (a copy of which is attached as Exhibit B).

15.     Slyce Canada holds all right, title, and interest in and to the '576 Patent, including the right to sue and recover damages for infringement thereof.

16.     The '576 Patent is valid and enforceable.

17.     On March 31, 2020, the United States Patent and Trademark Office duly and legally issued United States Patent No. 10,607,208 ("the '208 Patent"), titled "System and Method for Management and Automation of Instant Purchase Transactions."  Slyce Canada Inc. is the owner of the '208 Patent (a copy of which is attached as Exhibit C).

18.     Slyce Canada holds all right, title, and interest in and to the '208 Patent, including the right to sue and recover damages for infringement thereof.

19.     The '208 Patent is valid and enforceable.

## CAUSES OF ACTION

## Count I – Patent Infringement

### ('152 Patent)

20.     Plaintiffs incorporate by reference each of the preceding paragraphs of the

Complaint as though fully set forth herein.

21.     As described below, Syte's "camera search" and "deep tagging" codebases, available, for example, through the website https://www.syte.ai/, infringe one or more claims of the '152 Patent.

22.     Upon information and belief, Syte infringes at least claim 14 of the '152 Patent through, at a minimum, the making, using, offering for sale, licensing, and/or selling Syte's "camera search" and "deep tagging" codebases in the United States.

23.     Upon information and belief, the "camera search" and "deep tagging" codebases are available on servers for download and storage on client devices that contain computer readable media capable of storing instructions that can be executed by one or more processors on the client devices.  For example, the "camera search" and "deep tagging" codebases are available as part of the Syte Visual Search webapp on Microsoft Azure at https://appsource.microsoft.com/en-cy/product/web-apps/syte-5092538.syteai?tab=Overview.

24.     Upon information and belief, the "camera search" codebase determines a first set of feature points associated with a first image, the first image depicting an object, as seen, for example, at https://www.syte.ai/camera-search/.  The screen capture below contains a first image with a first set of feature points depicting a chair ("Syte detects multiple objects in a photo with a single image upload, eliminating the need for shoppers to manually crop their images in order to pinpoint their searches to the relevant product and thus creating the most frictionless experience.").



25.     Upon information and belief, the "deep tagging" codebase also determines a first set of feature points associated with a first image depicting an object by, for example, analyzing images in merchant catalogs to identify depicted objects and mapping outputs of layers in the image in a neural network, as shown for example, in the loveseat depicted below in the screen capture from https://www.syte.ai/deep-tagging/ ("Syte also detects age, gender, hundreds of logos, and brands — automatically."):



26.     Upon information and belief, the "camera search" codebase removes, from the first set of feature points, at least some feature points in the first set of feature points that are part of the depiction of the object in the first image and correspond to one or more regions of texture in the first image to obtain a filtered first set of feature points, for example, as shown in the screen capture above from https://www.syte.ai/camera-search/.   In the above example, feature points corresponding to the regions of texture on the pillow are removed to obtain a filtered set of feature points corresponding to the image depicting a chair.

27.     Upon information and belief, the "deep tagging" codebase removes at least some feature points in the first set of feature points that are part of the depiction of the object and correspond to one or more regions of texture to obtain a filtered set of feature points by pruning the image as discussed, for example, in https://arxiv.org/pdf/1801.07365.pdf or in https://arxiv.org/pdf/1510.00149.pdf.

28.     Upon information and belief, the "deep tagging" codebase performs the feature point removal by assigning weights to feature point sets and setting some of those weights to zero, so that those zero-weighted feature point sets are removed from the image leaving a filtered set of feature points remaining.   In the above screen capture, the feature point set corresponding to the depicted pillow would be weighted zero, so that only the feature point sets corresponding to the loveseat remain.

29.     Upon information and belief, the "camera search" codebase identifies texture in the image using a region surrounding each feature point in the first set of feature points to determine which feature points in the first set of feature points correspond to texture, for example, by removing the feature points corresponding to the depicted pillow texture to isolate a first image depicting a chair, as shown in the screen capture above.

30.     Upon information and belief, the "deep tagging" codebase also identifies texture in the image using a region surrounding each feature point in the first set of feature points to determine which feature points in the first set of feature points correspond to texture, for example, by zero-weighting the feature points corresponding to the depicted pillow texture to isolate a first image depicting a loveseat, as shown in the screen capture above.

31.     Upon information and belief, the "camera search" codebase determines that an object depicted in a first image appears similar to another object depicted by a second image by matching feature points in a filtered first set of feature points with feature points in a second set of feature points associated with the object depicted in the second image, for example, by matching the first chair depicted in the first image, to other chairs, depicted in other images, as illustrated in the screen capture above.

32.     Upon information and belief, the "deep tagging" codebase determines that an object depicted in the first image appears similar to another object depicted in a second image by matching feature points in the filtered first set of feature points with feature points in a second set of feature points associated with a depiction in the second image as illustrated, for example, in the screen capture below from https://www.syte.ai/deep-tagging/, which depicts multiple loveseats:



33.     In view of the foregoing, on information and belief, Syte directly infringes at least claim 14 of the '152 Patent.

34.     Slyce has never granted permission or license to Syte to utilize the inventions set forth in the '152 Patent.

35.     Syte has been and is now directly infringing the '152 Patent in the United States by, among other things, making, using, licensing, selling, offering for sale, or importing the "camera search" and "deep tagging" codebases covered by one or more claims of the '152 Patent, all to the injury of Plaintiffs.

36.     Upon information and belief, pursuant to 35 U.S.C. § 271(b), Syte has knowingly induced its customers to directly infringe at least claim 14 of the '152 Patent by selling, offering for sale, providing, maintaining, and/or licensing the "camera search" and "deep tagging"

8

codebases with the intent that those customers use the "camera search" codebase in the United States.

37.     Upon information and belief, pursuant to 35 U.S.C. § 271(c), Syte has also knowingly contributed to the direct infringement of at least claim 14 of the '152 Patent by importing, selling, offering to sell, maintaining, licensing, and/or otherwise supplying the "camera search" and "deep tagging" codebases to customers, which have no substantial non-infringing use, are especially designed for use in the patented invention, and constitute a material part of the patented invention.   For example, https://www.syte.ai/camera-search/ appears to list several example customers of the "camera search" codebase, as shown in the screen capture below.



Similarly, https://www.syte.ai/deep-tagging/ appears to list the same customers of the "deep tagging" database, as shown in the screen capture above.

38.     At least as early as its receipt of this complaint, Syte has had knowledge of the '152 Patent, has had written notice of its infringement, has intended that its customers infringe the '152 Patent by their use of the "camera search" and "deep tagging" codebases, has actively induced such infringement by continuing to sell, offer for sale, provide, maintain, and/or license

the "camera search" and "deep tagging" codebases to its customers in the United States.  Despite such knowledge, Syte continues to infringe the '152 Patent.

39.    Syte's acts of infringement have been willful, deliberate, and in reckless disregard of Slyce's patent rights and will continue unless permanently enjoined by this Court.

40.    Plaintiffs have been damaged by Syte's infringement of the '152 Patent in an amount to be determined at trial, and has suffered and will continue to suffer irreparable loss and injury unless Syte is permanently enjoined from infringing the '152 Patent.

## Count II – Patent Infringement

### ('576 Patent)

41.    Plaintiffs incorporate by reference each of the preceding paragraphs of the Complaint as though fully set forth herein.

42.    As described below, the combination of Syte's "Syte Marketplace" codebase and software developed for mobile devices through Syte's software development kits ("SDKs"), available, for example, through the website https://www.syte.ai/, infringes one or more claims of the '576 Patent.

43.    Upon information and belief, Syte infringes at least claim 20 of the '576 Patent through, at a minimum, the making, using, offering for sale, licensing, and/or selling the "Syte Marketplace" codebase and related SDKs in the United States.

44.    Upon information and belief, the "Syte Marketplace" codebase is accessible at https://www.syte.ai/marketplace/ which has associated storage and processors for executing computer instructions.

45.    Upon information and belief, Syte's SDKs are available from various server storage locations, including the Apple App Store, Google Play store, as well as Syte's github account at

https://github.com/syte-ai/, for download on mobile devices that have storage and processors for executing computer instructions.

46.    Upon information and belief, the SDKs enable mobile devices to obtain an image.

47.    Upon information and belief, the SDKs enable mobile devices to direct and control the "Syte Marketplace" codebase in order to receive the benefit of the determination of a plurality of attributes of an object in the obtained image, including a color of the object, a type of the object, and a sub-type of the object, as seen, for example at https://www.syte.ai/deep-tagging/ and https://www.syte.ai/recommendation-engines/.

48.    Upon information and belief, the SDKs enable mobile devices to send a search request to a remote e-commerce platform for a responsive set of candidate items, for example, as illustrated below in a screen capture from https://syte.ai/marketplace/:



49.    Upon information and belief, the SDK's enable mobile devices to send search requests that request candidate items that are determined to have attributes similar to the plurality of attributes of the object, as illustrated, for example, screen captures from the ScreenShop app,

which was developed from the Syte iOS SDK and running on an Apple iPhone:



First vendor                                    Second Vendor

50.     Upon information and belief, the SDKs enable mobile devices to send a search request that causes a first subset of responsive candidate items to be selected from a first set of items obtained from a first vendor's online product-listings via a first application-program interface (API) connection, for example through an ongoing auto sync of a first vendor catalog from an FTP folder, as demonstrated at https://www.syte.ai/syte-build-or-buy/.   In the above example, the first vendor is Skechers.

51.     Upon information and belief, the SDKs enable mobile devices to send a search request that causes a second subset of responsive candidate items to be selected from a second set of items obtained from a second vendor's online product-listings via a second API connection, the second vendor's online product-listing being different from the first vendor's online product listing, and the first API connection being different from the second API connection, for example, through the ongoing auto sync of a second vendor catalog from a second FTP folder, and different

vendor results from visual searching which are illustrated, for example, in the above screen captures from the ScreenShop app, which was developed from the Syte iOS SDK and running on an Apple iPhone.  In the above example, the second vendor is Patricia Green.

52.     Upon information and belief, the SDKs enable mobile devices to receive a first subset of responsive candidate items and a second set of responsive candidate items as illustrated, for example, by the different slippers depicted in the screen captures above from the ScreenShop app, which was developed from the Syte iOS SDK and running on an Apple iPhone.

53.     Upon information and belief, the SDKs enable mobile devices to present descriptions of the first subset of responsive candidate items and descriptions of the second subset of responsive candidate items in a user interface, as illustrated for example, in the screen captures above of the ScreenShop app user interface, which was developed from the Syte iOS SDK and running on an Apple iPhone.

54.     In view of the foregoing, on information and belief, Syte has operated the "Syte Marketplace" codebase and associated SDKs in the United States to test functionality, including the functionality described above.

55.     Further in view of the foregoing, mobile apps developed using Syte's SDKs, in combination with the "Syte Marketplace" codebase, operating under those mobile apps' direction and control, infringe at least claim 14 of the '576 Patent.

56.     Slyce Canada has never granted permission or license to Syte to utilize the inventions set forth in the '576 Patent.

57.     Syte has been and is now directly infringing the '576 Patent in the United States by, among other things, making, using, licensing, selling, offering for sale, or importing the "Syte Marketplace" codebase and related SDKs covered by one or more claims of the '576 Patent, all to

the injury of Plaintiffs.

58.     Upon information and belief, pursuant to 35 U.S.C. § 271(b), Syte has knowingly induced its customers to directly infringe at least claim 20 of the '576 Patent by selling, offering for sale, providing, maintaining, and/or licensing the "Syte Marketplace" codebase and related SDKs with the intent that those customers use the "Syte Marketplace" codebase and related SDKs in the United States.

59.     Upon information and belief, pursuant to 35 U.S.C. § 271(c), Syte has also knowingly contributed to the direct infringement of at least claim 20 of the '576 Patent by importing, selling, offering to sell, maintaining, licensing, and/or otherwise supplying "Syte Marketplace" codebase and related SDKs to customers, which have no substantial non-infringing use, are especially designed for use in the patented invention, and constitute a material part of the patented invention.

60.     At least as early as its receipt of this complaint, Syte has had knowledge of the '576 Patent, has had written notice of its infringement, has intended that its customers infringe the '576 Patent by their use of the "Syte Marketplace" codebase and related SDKs, has actively induced such infringement by continuing to sell, offer for sale, provide, maintain, and/or license the "Syte Marketplace" codebase and related SDKs to its customers in the United States.  Despite such knowledge, Syte continues to infringe the '576 Patent.

61.     Syte's acts of infringement have been willful, deliberate, and in reckless disregard of Slyce Canada's patent rights and will continue unless permanently enjoined by this Court.

62.     Plaintiffs have been damaged by Syte's infringement of the '576 Patent in an amount to be determined at trial, and has suffered and will continue to suffer irreparable loss and injury unless Syte is permanently enjoined from infringing the '576 Patent.

14

## Count III – Patent Infringement

## ('208 Patent)

63.     Plaintiffs incorporate by reference each of the preceding paragraphs of the Complaint as though fully set forth herein.

64.     As described below, Syte's "Syte Marketplace" codebase, available, for example, through the website https://www.syte.ai/, infringes one or more claims of the '208 Patent.

65.     Upon information and belief, Syte infringes at least claim 1 of the '208 Patent through, at a minimum, the making, using, offering for sale, licensing, and/or selling the "Syte Marketplace" codebase in the United States.

66.     Upon information and belief, the "Syte Marketplace" codebase is accessible at https://www.syte.ai/marketplace/, which has associated storage and processors for executing computer instructions for visual searching.

67.     Upon information and belief, the "Syte Marketplace" codebase obtains an image captured or selected responsive to an instruction of an end user as demonstrated, for example, at https://www.syte.ai/marketplace/ ("Your shoppable products appear when users point their camera and snap a picture of any real-world item or browse through their gallery of saved images.").

68.     Upon information and belief, the "Syte Marketplace" codebase determines, based on the image, with image recognition, a plurality of visual attributes of an object depicted in the image, the plurality of visual attributes including a color of the object (e.g., Blue), a type of the object (e.g., a couch, mono height), and a sub-type of the object (e.g., Chesterfield design) as shown, for example, in the screen capture below from https://www.syte.ai/deep-tagging/:



69.    Upon information and belief, the "Syte Marketplace" codebase selects a first subset of responsive candidate items and a second subset of candidate items, for example, by selecting search results that are visually depicted in the image, as shown at https://www.syte.ai/syte-build-or-buy/ ("[C]onsumers can upload their own image and get visually similar results up to the minute details of style, pattern, and material.").

70.    Upon information and belief, the "Syte Marketplace" codebase selects the first subset of responsive candidate items based on the plurality of visual attributes of the object and respective pluralities of visual attributes of candidate items, as show at https://www.syte.ai/syte-build-or-buy/ ("[Syte Marketplace] instantly pulls matching items and presents them to consumers in less time than it takes to type words into a text search.") and https://www.syte.ai/recommendation-engines/ ("The moment you send Syte your catalog (CSV, XML, and others), AI indexes and learns within 24 hours, and conducts ongoing auto sync from an FTP folder."). Below, example screen captures from the ScreenShop iOS app using the Syte Marketplace codebase demonstrate the selection of candidate items, which are women's slippers,

16

based on color and type of goods:



71.     Upon information and belief, the "Syte Marketplace" codebase selects the first subset of responsive candidate items from a first set of items obtained from a first online product-listing of a first vendor, as shown in the screen captures from the ScreenShop app above.  In the above example, the first set of candidate items are slippers from the first vendor, which is Skechers.

72.     Upon information and belief, the "Syte Marketplace" codebase obtains a first set of application program interface (API) requests for example by using Visual Search for All, a "new API that makes adding visual search accessible to more e-commerce sites."  *See* https://techcrunch.com/2017/12/07/syte-ais-new-api-makes-visual-search-accessible-to-more-online-fashion-retailers/.

73.     Upon information and belief, the "Syte Marketplace" codebase selects the second subset of responsive candidate items from a second set of items obtained from a second online product-listing of a second vendor, because it selects multiple vendor online product-listings, in

the same manner as described above with respect to the first subset of responsive candidate items from the first set of items from the first vendor, and the second online product-listing is different than the first online product-listing, as shown in the screen captures above.  In the above example, the second subset of candidate items are different women's slippers from the second vendor, which is Patricia Green.

74.    Upon information and belief, the "Syte Marketplace" codebase obtains the second set of items via a second set of API requests, because it obtains API requests from multiple vendors, in the same manner as described above with respect to the first set of API requests.

75.    Upon information and belief, the "Syte Marketplace" codebase causes a user interface including descriptions of the first subset of responsive candidate items and descriptions of the second subset of candidate items to be presented, as shown above, for example, in the screen captures from the ScreenShop app user interface.

76.    Slyce Canada has never granted permission or license to Syte to utilize the inventions set forth in the '208 Patent.

77.    Syte has been and is now directly infringing the '208 Patent in the United States by, among other things, making, using, licensing, selling, offering for sale, or importing the "Syte Marketplace" codebase covered by one or more claims of the '208 Patent, all to the injury of Plaintiffs.

78.    Upon information and belief, pursuant to 35 U.S.C. § 271(b), Syte has knowingly induced its customers to directly infringe at least claim 1 of the '208 Patent by selling, offering for sale, providing, maintaining, and/or licensing the "Syte Marketplace" codebase with the intent that those customers use the "Syte Marketplace" codebase in the United States.

79.    Upon information and belief, pursuant to 35 U.S.C. § 271(c), Syte has also

knowingly contributed to the direct infringement of at least claim 1 of the '208 Patent by importing, selling, offering to sell, maintaining, licensing, and/or otherwise supplying "Syte Marketplace" codebase to customers, which have no substantial non-infringing use, are especially designed for use in the patented invention, and constitute a material part of the patented invention.

80.    At least as early as its receipt of this complaint, Syte has had knowledge of the '208 Patent, has had written notice of its infringement, has intended that its customers infringe the '208 Patent by their use of the "Syte Marketplace" codebase, has actively induced such infringement by continuing to sell, offer for sale, provide, maintain, and/or license the "Syte Marketplace" codebase to its customers in the United States.  Despite such knowledge, Syte continues to infringe the '208 Patent.

81.    Syte's acts of infringement have been willful, deliberate, and in reckless disregard of Slyce Canada's patent rights and will continue unless permanently enjoined by this Court.

82.    Plaintiffs have been damaged by Syte's infringement of the '208 Patent in an amount to be determined at trial, and has suffered and will continue to suffer irreparable loss and injury unless Syte is permanently enjoined from infringing the '208 Patent.

## REQUEST FOR INJUNCTIVE RELIEF

83.    Plaintiffs incorporate by reference each of the preceding paragraphs of the Complaint as though fully set forth herein

84.    To preserve the status quo until trial in this cause, Slyce and Slyce Canada request the Court to enjoin and restrain Syte, and its agents, servants, employees and all persons acting under, and in concert with, or for Syte from: (i) infringing Plaintiffs' Patents; (ii) selling the "camera search" code, "Syte Marketplace" code and related SDKs in the United States; and (iii) operating the "camera search" code, "Syte Marketplace" code and related SDKs in the United

States.  Unless Syte is enjoined from engaging in additional misconduct, Slyce and Slyce Canada

will be irreparably harmed.  Such misconduct has resulted in loss already, which is unascertainable

at this point in time, and will result in future economic loss.

85.     Plaintiffs have no adequate remedy at law for Syte's misconduct, as money

damages are not adequate to compensate for the ongoing harm caused by its misconduct.

86.     Plaintiffs have a clear legal right to the requested relief.

87.     The public interest favors entry of an injunction to uphold the importance of patent

protection and to protect the legitimate business interests of patent owners.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury of any and all issues triable before a jury.

## REQUEST FOR RELIEF

Pursuant to the allegations and claims asserted herein, Plaintiffs request the following:

A.      That the Court enter judgment in favor of Plaintiffs that Syte has infringed, directly and by way of inducing infringement and/or contributing to infringement of Plaintiffs' '152, '576, and '208 Patents.

B.      That the Court enter a permanent injunction, enjoining Syte and its officers, directors, agents, servants, employees, affiliates, divisions, subsidiaries, and parents from infringing, inducing the infringement of, or contributing to the infringement of Plaintiffs' '152, '576, and '208 Patents.

C.      That the Court enter a judgment and order requiring Syte to pay Plaintiffs damages for Syte's infringement of the '152, '576, and '208 Patents, together with interest (both pre and post-judgment), costs, and disbursement as fixed by this Court under 35 U.S.C. § 284.

D.      That the Court enter a judgment and order finding Syte's infringement willful and awarding treble the amount of damages and losses sustained by Plaintiffs as a result of Syte's infringement under 35 U.S.C. § 284.

E.      That the Court enter a judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding Plaintiffs their reasonable attorney's fees.

F.       Pre- and post-judgment interest at the highest rate allowable by law;

G.       Costs of court; and

H.       All such further and additional relief to which Plaintiffs may be entitled.


Dated:  September 11, 2020                    **BRACEWELL LLP**

                                              /s/ *Michael Chibib*
                                              Michael Chibib
                                              Texas Bar No. 00793497
                                              michael.chibib@bracewell.com
                                              Conor M. Civins
                                              Texas Bar No. 24040693
                                              conor.civins@bracewell.com
                                              Matthew Gates
                                              Texas Bar No. 24069770
                                              matt.gates@bracewell.com
                                              111 Congress Ave., Suite 2300
                                              Austin, Texas 78701
                                              Telephone: (512) 494-3635


                                              *Counsel for Plaintiffs Slyce Acquisition*
                                              *Inc. and Slyce Canada Inc.*